UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 21-163

CHRISTOPHER WASHINGTON                        SECTION "R"


**ORDER AND REASONS**


Before the Court is defendant Christopher Washington's motion for early termination of probation.[1]  Neither probation nor the government opposes Washington's motion.[2]  For the reasons that follow, the Court grants Washington's motion.

Under 18 U.S.C. § 3564(c):

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation ordered and discharge the defendant . . . at any time after the expiration of one year of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to

---

[1]    R. Doc. 74.
[2]    R. Doc. 76.

reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to afford adequate deterrence to criminal conduct; the need to protect the public from future criminal conduct by defendant; and the need to provide defendant with training and other correctional treatment.

On August 7, 2024, Washington pled guilty to delay of mail by a postal employee in violation of 18 U.S.C. 1703(a).[3]  On May 14, 2025, this Court sentenced him to two years of probation.[4]  A year has since elapsed.  In support of his motion, Washington states that he has been fully compliant with his probation, completing all required courses, earning his GED, finishing barber school, and receiving an official barber certificate.[5]  He additionally states that he has maintained stable employment.[6]  Defendant argues that early termination of probation would allow him to seek other employment opportunities.[7]

The Court has considered the 3553(a) factors and is satisfied that the interest of justice warrants early termination of Washington's probation. Washington has fully complied with the terms of his probation and has taken

---

[3]     R. Doc. 51.
[4]     R. Doc. 70.
[5]     R. Doc. 74.
[6]     *Id.*
[7]     *Id.*

steps beyond mere compliance that show growth and a commitment to maintaining a law-abiding lifestyle.  The term already served was sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Probation is no longer necessary to act as a deterrent or protect the public from Washington.

Accordingly, the Court GRANTS defendant's motion for early termination of probation.  Christopher Washington shall be released from supervision effective immediately.

New Orleans, Louisiana, this __8th__ day of June, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE